**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| KAREN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:14-cv-3817 |
| | ) |
| CITIBANK, N.A. d/b/a Citi Card, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, KAREN MILLER ("Plaintiff"), through her attorneys, alleges the following against Defendant, CITIBANK, N.A. d/b/a Citi Card ("Defendant"):

### INTRODUCTION

1. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331.

3. Defendant conducts business in the State of Maryland thereby establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Williamsport, Maryland.

6. Defendant is a business entity with an office located at 399 Park Avenue, New York, New York 10043.

7. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant has been assigned multiple telephone numbers from its telephone provider(s) which it utilizes to place telephone calls.

9. The telephone numbers assigned to Defendant include, but are not limited to, 859-283-8074.

10. Defendant started placing telephone calls to Plaintiff on her cellular telephone at telephone number (240) 779-56xx around March, 2014.

11. Defendant called Plaintiff's cellular telephone up to six (6) times per day.

12. All of Defendant's telephone calls to Plaintiff were placed using an automatic telephone dialing system or other equipment capable of storing telephone numbers and calling or dialing at random or sequential intervals ("auto dialer").

13. Defendant calls Plaintiff's cellular telephone regarding her husband's alleged credit account.

14. Plaintiff is not the cardholder on the alleged credit card account nor did she submit or provide her personal information to Defendant.

15. Plaintiff's cellular telephone number is not associated with the alleged credit card account.

16. Plaintiff is not a customer of Defendant and has no current or prior relationship with Defendant.

17. Plaintiff never gave Defendant her authorization to call her cellular telephone.

18. Plaintiff has answered Defendant's calls on multiple occasions to speak with a representative for Defendant, but when she answers the call, is placed "on hold" for an extended period of time and is often unable to speak with a "live" individual.

19. On or about April 23, 2014, Plaintiff was able to speak with one of Defendant's employees.

20. Plaintiff instructed Defendant to stop calling her cellular telephone number as it is not her husband's telephone number.

21. Plaintiff received another call from Defendant on her cellular telephone less than two (2) hours after explicitly instructing Defendant to stop calling her.

22. Defendant's calls to Plaintiff's cellular telephone include, but are not limited to, the following:

1) 4/18/2014 12:18 PM
2) 4/18/2014 2:30 PM
3) 4/23/2014 9:09 AM
4) 4/23/2014 11:38 AM
5) 4/23/2014 1:34 PM
6) 4/24/2014 9:49 AM
7) 4/24/2014 12:43 PM
8) 4/25/2014 4:35 AM
9) 4/25/2014 9:54 AM
10) 4/25/2014 11:29 AM
11) 4/25/2014 4:23 PM
12) 4/26/2014 4:31 AM
13) 4/26/2014 9:45 AM
14) 4/26/2014 2:46 PM
15) 4/27/2014 5:34 AM
16) 4/27/2014 9:08 AM
17) 4/27/2014 12:51 PM
18) 4/27/2014 3:40 PM
19) 4/28/2014 5:32 AM
20) 4/28/2014 1:35 PM
21) 4/29/2014 4:37 AM
22) 4/29/2014 9:43 AM
23) 4/29/2014 12:32 PM
24) 4/29/2014 2:53 PM
25) 4/30/2014 4:48 AM
26) 5/1/2014 8:29 AM
27) 5/1/2014 1:30 PM

23.     Plaintiff is annoyed and feels harassed by Defendant's repeated calls to her cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24.     Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KAREN MILLER, respectfully requests judgment be entered against Defendant, CITIBANK, N.A., for the following:

26.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B).

27.      Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C).

28.     All court costs, witness fees and other fees incurred.

29.     Any other relief that this Honorable Court deems appropriate.

Dated: December 8, 2014              RESPECTFULLY SUBMITTED,

                                     By: /s/Michael A. Siddons

                                     Michael A. Siddons, Esq.
                                     20 W Cherry St.
                                     Rising Sun, MD 21911
                                     (410) 705-0970
                                     msiddons@siddonslaw.com
                                     Attorney for Plaintiff,
                                     KAREN MILLER